United States District Court
Southern District of Texas
**ENTERED**
August 18, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HUI YE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:18-cv-4729 |
| § | |
| XIANG ZHANG, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER ON DISTRIBUTION OF PROCEEDS

On June 8, 2021, the Court issued Findings of Fact and Conclusions of Law on Defendant and Counter-Plaintiffs Xiang Zhang and Wing Lau's counterclaims. (Doc. 189). A fuller factual narrative and defined terms can be found there. The Court invited supplemental briefing on the distribution of the proceeds from the sale of the Houston Warehouse, which are currently in the Court's registry. After reviewing the parties' briefing, supplemental briefing, the record evidence, and all applicable law, the Court rejects Ye's arguments and adopts Zhang and Lau's position in part.

### I.  BACKGROUND

With respect to Zhang and Lau's counterclaims, the Court found that Zhang and Counter-Defendant Hui Ye entered into a valid written agreement as to the division of the Nominal Defendants in accordance with the October Resolutions. Additionally, the parties entered into a valid oral agreement regarding the general division of the two business sectors (Ye would continue e-commerce and Zhang would continue logistics), and a valid oral agreement regarding the proceeds of the Houston Warehouse sale (Ye would retain 60% and Zhang would retain 40%, in accordance with their original ownership interests). The Court also found that Zhang and Lau had

1

proven their unjust enrichment claims and were entitled to $153,433.78[1] in damages. (Doc. 189 at 31-32).

In April 2019, the Court allowed for the sale of the Houston Warehouse to proceed and ordered the money from the sale to be placed in the Court's registry. (Minute Entry 04/12/2019). A deposit of $787,571.96 was made into the Court's registry on December 3, 2019. On June 30, 2020, the Court granted the parties' Agreed Motion to Pay Dow Golub (a law firm) out of the Court's registry. (Doc. 161). The remaining balance is $777,571.96 in addition to accrued interest of $5,347.17. The Court has adjudicated Ye's claims, Zhang and Lau's counterclaims, and Zhang and Lau's Motion for Attorneys' Fees. The Court now decides the distribution of the remaining funds in the Court's registry.

## II.     DISCUSSION

Zhang and Lau ask the Court to distribute the Houston Warehouse Proceeds (the "Proceeds") in the following order: payment to Zhang and Lau for the unjust enrichment damages owed by the Nominal Defendants; payment for the $6,719.02 in additional legal fees incurred in defending the breach of contract claim arising from the delay in closing the Warehouse sale; division of the remaining Proceeds between Ye and Zhang in accordance with the 60/40 interest; enforcement of the Court's award to Zhang and Lau for attorneys' fees and costs against Ye's share; and, finally, payment to Ye and Zhang of their respective shares. Ye contends that the funds in the Court's registry can neither be distributed between Ye and Zhang personally nor used to satisfy any judgment in the case.

---

[1] Although the Court correctly stated the amounts as $53,433.78 and $100,000 in the discussion of the unjust enrichment claims, the Court erroneously stated the total as $153,788.48 in its Conclusion. (*See* Doc. 189 at 4-8, 32). The correct amount of damages for the unjust enrichment claims is $153,433.78.

Ye's arguments prove unavailing for two central reasons. *First*, Ye's arguments are premised on the Proceeds being a corporate asset belonging solely to DeltaFill, Inc. Ye's position is that, because the October Resolutions gave Ye complete ownership over DeltaFill, Inc., and the Warehouse was formally under DeltaFill's ownership, Zhang has no interest in the Proceeds. Ye disregards the Court's findings. The Court found that Ye and Zhang entered into an oral agreement regarding the Proceeds of the Houston Warehouse sale, where Ye would retain 60% of the Proceeds and Zhang would retain 40% of the Proceeds. (Doc. 189 at 30-31). The Court also found that the Warehouse was "formally owned by DeltaFill, Inc.," but "the Nominal Defendants collectively paid for and benefitted from the Warehouse as a shared asset." (Doc. 189 at 27-28). Ye himself states that "Defendants freely transferred monies and assets to DeltaFill Express and DeltaFill Enterprises from other Nominal Defendants." (Doc. 191 at 6). Ye cannot have it both ways and rely on some, but not all, of the course of dealings among the interested parties.. The fact that Ye is now the sole owner of DeltaFill, Inc., does not lead to the conclusion that the Proceeds belong entirely to DeltaFill, Inc. or to Ye. Rather, the Warehouse was a shared asset, and the parties' oral agreement further treated the Proceeds as a shared asset.

*Second*, Ye attempts to litigate the details of a hypothetical bankruptcy proceeding, but these speculative issues are completely improper to attempt to adjudicate in this suit. Ye has insisted that DeltaFill, Inc.'s bankruptcy is imminent for at least ten months. He argues that the hypothetical bankruptcy court should decide how the funds in this Court's registry should be decided; not this Court. At the same time, Ye mounts several speculative bankruptcy arguments and asks the Court to take his word on how the issues would be decided. It would be completely lawless to base this Court's decision on the potential treatment of funds—funds this Court found do not belong to DeltaFill, Inc. alone—in a hypothetical bankruptcy proceeding.

Ye argues that the Proceeds cannot constitute a preference payment because the parties agreed the Proceeds would be used to pay debts in China. In fact, the testimony Ye refers to was deemed not credible and the Court refused to find that the parties had made such an agreement. (Doc. 189 at 30-31). More to the point, it is irrelevant to this suit whether the Proceeds may be adjudicated as a preference payment in a future bankruptcy. It would also be improper for this Court even to attempt to forecast the timing of such a bankruptcy, timing that will be basic to any preference analysis.

Ye also makes the point that DeltaFill, Inc. is entitled to seek authority to pay the debts in China as pre-petition claims because the vendors in China are "critical vendors." Critical vendors have no special status outside of bankruptcy, and unsecured creditors are unfortunately always the most at risk of non-payment in a bankruptcy. The Court declines to make its decision based on an indefinite group of creditors, in an unfiled bankruptcy, of uncertain timing.

Aside from his bankruptcy arguments, Ye contends that the oral agreement between Ye and Zhang to divide the Proceeds is unenforceable because it would lead to a violation of various laws: the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Texas Penal Code § 32.33, Texas Tax Code § 11.024, "or" 11 U.S.C. § 548. (Doc. 191 at 5-6). Ye offers only conclusory citations to these laws and fails to provide any explanation or argument. He also assume that the Proceeds are DeltaFill, Inc.'s corporate asset, and asks the Court to speculate that a future plaintiff would file suit against DeltaFill, Inc. for committing a fraudulent transfer (a transfer authorized by this Court).

Next, Ye demands an audit, accounting, valuation, and constructive trust as to the Nominal Defendants to facilitate a division. Similarly, he asks for a full accounting of DeltaFill Express Global, LLC, and DeltaFill Enterprises, Inc. This Court found, as part of Zhang's declaratory

judgment counterclaims, that the parties had orally agreed to a general division of the Nominal Defendants' two business sectors.  (Doc. 189 at 28-30).  The Court declined to find any binding agreement regarding specific assets or liabilities among the Nominal Defendants (aside from the Warehouse Proceeds and water filter inventory).  *Id.* at 31.  The parties orally agreed to divide the sectors, but they spoke in general terms: Ye retains e-commerce and Zhang retains logistics.  *Id.* at 31.  Therefore, the Court's declaratory judgment does not entitle Ye to demand an audit, accounting, valuation, or constructive trust as to each specific asset and liability among the Nominal Defendants.  That is precisely what the Court found the parties never agreed on, and Ye does not point to any law compelling the Court to make that agreement for them.

Moving on to Zhang and Lau's attorneys' fees, Ye insists that Zhang and Lau "must go through the proper legal channels for enforcement of such award and are not entitled to outright payment from Ye's share."  (Doc. 191 at 7).  Ye cites no authority nor does he explain why this Court cannot use his inherent power to enforce its judgment.  *See* 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3013 (3d ed. 2021) (discussing federal court's "inherent power to enforce its judgments.") (citing *Peacock v. Thomas*, 516 U.S. 349 (1996)); *see also* Fed. R. Civ. P. 69 (money judgments are enforced by a writ of execution unless the court directs otherwise).

As to Zhang and Lau's damages for unjust enrichment, Ye argues that the damages cannot be deducted from Ye's share because those debts belong only to DeltaFill, Inc. and DeltaFill Express Global.  His position is based on the bank accounts where the personal funds were deposited. As the Court found, however, the funds Zhang and Lau deposited were used to pay expenses that benefitted all Nominal Defendants.  Accordingly, Ye's argument fails here too.

Lastly, Ye opposes the $6,719.02 payment for legal fees because it was a DeltaFill, Inc. company expense.  These particular legal fees were not a part of the trial proceedings, and it is the

5

first time the Court hears of them. The Court declines to rule on whether the Nominal Defendants or Ye should be liable for the newly sought legal fees.

### III.     CONCLUSION

The Court finds that Zhang and Lau's position, with the exception of the additional legal fees, is proper and equitable. Ye's arguments to the contrary are unpersuasive. The Court orders the following:  The current balance in the Court's registry is $782,919.13 (including interest). First, Zhang and Lau are to be paid the $153,433.78 in damages for their unjust enrichment claims. Second, the remaining balance, $629,485.35, is to be divided according to Ye and Zhang's 60/40 division. Ye's share will total $377,691.21 and Zhang's share will total $251,794.14. Third, Zhang and Lau's award of $341,359.16 in attorneys' fees and $4,194.08 in costs is to be paid from Ye's 60% share. The remaining balance of Ye's share is $32,137.97. Lastly, $32,137.97 is paid to the order of Hui Ye and $251,794.14 is paid to the order of Xiang Zhang. The parties are ordered to submit a proposed final judgment in accordance with the Court's findings within ten days.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 17th of August, 2021.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE